# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **Crim. ID No. 1508002897** |
| | ) | **Cr. A. Nos. IN15-08-1021, etc.** |
| **DAMEIR K. WALKER,** | ) | |
| **Defendant** | ) | |

Submitted: May 5, 2025
Decided: June 2, 2025

*Upon Defendant Dameir K. Walker's*
*Motions for Correction of Sentence and Appointment of Counsel,*
**DENIED**.

## ORDER

This 2nd day of June, 2025, upon consideration of the Defendant Dameir K. Walker's Motion to Correct an Illegal Sentence (D.I. 28), his supplement and amendment thereto (D.I. 30 and 31), his accompanying request for appointment of Rule 35(a) counsel (D.I. 29), and the record in this matter, it appears to the Court that:

(1)    In November 2016, Dameir Walker was indicted for 32 felony counts including: two counts of first-degree murder (alleging intentional and felony murder), one count of attempted first-degree murder, two counts of first-degree reckless endangering, five counts of first-degree robbery, one count of first-degree kidnapping, two counts of home invasion, thirteen counts of possession of a firearm during the commission of a felony (PFDCF), one

count of first-degree conspiracy, two counts of second-degree conspiracy, two counts of wearing a disguise during a felony, and one count of possession of a firearm by a person prohibited.[1]

(2) Nine months later, Mr. Walker pleaded guilty to one reduced charge of second-degree murder, one count of first-degree robbery, one count of home invasion, two counts of PFDCF, and one count each of first-degree and second-degree conspiracy.[2] In his guilty plea papers, he acknowledged that he faced: (a) a sentence ranging from 15 years to life imprisonment for the murder count; (b) a sentence ranging from 3 to 25 years of imprisonment for each of the PFDCF counts; (c) a sentence ranging from 6 to 25 years of imprisonment for the home invasion count; (d) a sentence ranging from 3 to 25 years of imprisonment for the robbery count; (e) up to 5 years of imprisonment for the first-degree conspiracy charge; and (f) up to 2 years of imprisonment for the second-degree conspiracy charge.[3] In those same documents, the parties each agreed that the minimum term the Court could impose was 30 years of incarceration and the State bound itself to a

---

[1] D.I. 2 (Indictment). Mr. Walker's three codefendants were also named in most all of these same counts.

[2] D.I. 26 (Plea Agreement and TIS Guilty Plea Form).

[3] *Id.*

recommendation of no more than 35 years.[4]

(3) Mr. Walker was sentenced several months later as follows: for the murder in the second-degree count(IN15-08-1021)—30 years at Level V, suspended after he serves 20 years imprisonment (with a notation that the first 15 of those years was a minimum mandatory term), for 2 years of intensive community supervision at Level III; for the first PFDCF count (IN15-08-1024)—3 years at Level V (noting that those 3 years were a minimum mandatory term); for the second PFDCF count (IN15-08-2066)—3 years at Level V (noting that those 3 years were a minimum mandatory term); for the first-degree robbery count (IN15-08-1023)—3 years at Level V (noting that those 3 years were a minimum mandatory term); for the home invasion count (IN15-08-1030)—6 years at Level V (noting that those 6 years were a minimum mandatory term); for the first-degree conspiracy count (IN15-08-2079)—2 years at Level V, suspended in whole for two years of intensive community supervision at Level III; and, for the second-degree conspiracy count (IN15-08-1033)—1 year at Level V, suspended in whole for 1 years of intensive community supervision at Level III.[5] So, both each individual segment and the cumulation of Mr. Walker's sentence is well within the

---

[4] *Id.*

[5] D.I. 40 (Sentencing Order).

baseline minimum and maximum incarcerative terms the relevant statutes required and that he agreed were applicable.[6]

(4) Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[7] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[8]

(5) Mr. Walker unites with the many other sentenced inmates claiming his sentence is illegal and he is due resentencing under the United States Supreme Court decision in *Erlinger v. United States*.[9] But as is the case with many of those others, *Erlinger* is of no assistance to him because not one of his several sentences was—via some statutory mechanism—enhanced in

---

[6] *See* DEL. CODE ANN. tit. 11, § 635 (2015) (Murder in the second degree is a class A felony for which one must receive "not less than 15 years up to life imprisonment to be served at Level V"); *id.* at §§ 1447A(c) and 4205(b)(2) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V"); *id.* at §§ 832(b) and 4205(b)(2) (first-degree robbery is a class B felony carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V"); *id.* at §§ 826A(b)(1) and 4205(b)(2) (home invasion was then a class B felony carrying a "minimum sentence of . . . Six years" and a ceiling of "up to 25 years to be served at Level V").

[7] Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[8] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9] *See State v. Morrison*, 2025 WL 1431931, at *2 (Del. Super. Ct. May 19, 2025) (citing *State v. Archy*, 2025 WL 1330215, at *2 (Del. Super. Ct. May 7, 2025) which made noted of the "blizzard of *pro se* pleadings from inmates seeking relief" through resort to *Erlinger v. United States* 602 U.S. 821 (2024)).

any way on either the minimum end or at the maximum end.[10]

(6) There just is no demonstrable illegality in the substance of Mr. Walker's sentence. Thus, he is due no relief under this Court's Criminal Rule 35(a), so his motion thereunder is **DENIED**. And because he is manifestly ineligible for Rule 35(a) relief, the Court need not appoint counsel to engage some vain effort to pursue it.[11]

**SO ORDERED,**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Dameir K. Walker, *pro se*
     Timothy Maguire, Deputy Attorney General

---

[10]  *See id.* ("[W]hile in his most recent prayer for sentencing relief, [movant] has joined chorus with so many other sentenced inmates incanting the United States Supreme Court decision in *Erlinger v. United States*, *Erlinger* can lend no voice here because his PFDCF sentence wasn't enhanced in any way on either the minimum or maximum end.").

[11]  *Id.*; *State v. Johnson*, 2025 WL 1431003, at *2 (Del. Super. Ct. May 19, 2025).